UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| BERNARD JAMES STANLEY, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 1:06-cv-49 |
| | ) | |
| v. | ) | Honorable Richard Alan Enslen |
| | ) | |
| KURT JONES, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | |
| | ) | |

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d) prior to ordering the respondent to answer. *Scott v. Collins*, 286 F.3d 923, 929-30 (6th Cir. 2002). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.        Factual Allegations

Petitioner is incarcerated in the Boyer Road Correctional Facility. Petitioner pleaded *nolo contendere* in the Van Buren County Circuit Court to one count of third-degree criminal sexual conduct. On June 29, 1998, the trial court sentenced him as a second habitual offender to imprisonment of twelve to twenty-two-and-a-half years. Petitioner did not pursue a direct appeal of his conviction.

On November 22, 2000, Petitioner filed a motion for relief from judgment in the Van Buren County Circuit Court claiming that: (1) the prosecutor failed to timely file the supplemental information; (2) the trial court failed to place Petitioner under oath before taking his plea; and (3) trial counsel was ineffective during the plea and sentencing proceedings. The trial court denied his motion on January 30, 2001. In his application for habeas relief, Petitioner states that he did not pursue an appeal because he felt that his claims required additional research.

Petitioner filed a second motion for relief from judgment on October 21, 2004. In his second motion, Petitioner raised the same claims asserted in his first motion, as well as an alleged violation of his Sixth Amendment right arising from the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004). Petitioner's motion was denied by the Van Buren County Circuit Court on November 14, 2005. Petitioner applied for leave to appeal in the Michigan Court of Appeals and the Michigan Supreme Court. The appellate courts denied his application on January 21, 2005 and October 31, 2005, respectively.

In his habeas application, Petitioner raises five grounds for habeas corpus relief: (1) Petitioner's Sixth Amendment rights were violated when the trial court sentenced Petitioner based upon facts not found by a jury beyond a reasonable doubt (*Blakely* claim); (2) Petitioner's due

process rights were violated when the trial court allowed the prosecutor to file a supplemental information charge two years after the sentencing hearing; (3) Petitioner's right to due process was violated when the trial court failed to place him under oath before accepting his guilty plea; (4) Petitioner was denied the effective assistance of trial counsel when his counsel failed to object to the preceding errors; and (5) Petitioner was denied the effective assistance of appellate counsel when his counsel failed to raise the preceding three claims on direct appeal.

## II.   Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 ("AEDPA"). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[1] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In this case, § 2244(d)(1)(A) provides the period of limitation. As discussed below, the other subsections do not apply to the grounds that Petitioner has raised. Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." According to the petition, the judgment of sentence was entered on June 29, 1998. Petitioner did not pursue a direct appeal. Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*.") (emphasis added). Petitioner had one-year in which to seek a delayed application for leave to appeal in the Michigan Court of Appeals. *See* M.C.R. 7.205(F)(3). Accordingly, the judgment became final on June 29, 1999.

Petitioner is not entitled to also count the ninety-day period during which he could have filed a petition for certiorari to the United States Supreme Court because no judgment exists from which he could seek further review in the United States Supreme Court. *See United States v. Cottage,* 307 F.3d 494, 499 (6th Cir. 2002) (holding that, in the context of a motion under 28 U.S.C.

§ 2255, where a petitioner has failed to file a direct appeal to the court of appeals, the time for filing a petition does not include the ninety-day period for seeking certiorari in the United States Supreme Court); *United States v. Clay*, 537 U.S. 522 (2003) (holding that finality is analyzed the same under §§ 2244(d)(1)(A) and 2255); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003); *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999); *Ovalle v. United States*, No. 02-1270, 2002 WL 31379876, at *2 (6th Cir. Oct. 21, 2002). Petitioner, therefore, had one year, until June 29, 2000, in which to file his habeas petition. Petitioner filed the instant petition on or about January 17, 2006, more than five years after the statute of limitations expired.[2]

While 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. Because Petitioner's one-year period expired on June 29, 2000, his motions for relief from judgment filed on November 22, 2000 and October 21, 2004, cannot serve to revive the limitations period. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003); *Thomas v. Johnson*, No. 99-3628, 2000 WL 553948, at *2 (6th Cir. Apr. 28, 2000); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Rashid v. Khulmann*, 991 F. Supp 254, 259 (S.D. N.Y. 1998); *Whitehead v. Ramirez-Palmer*, No. C 98-3433 VRW PR, 1999 WL 51793 (N.D. Cal. Feb. 2, 1999).

---

[2] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner dated his application on January 17, 2006, and it was received by the Court on January 20, 2006. Thus, it must have been handed to prison officials for mailing at some time between January 17 and 20. For purposes of this case, the Court gave Petitioner the benefit of the earliest possible filing date.

Petitioner argues that he could not have raised his first ground for relief until the Supreme Court decided *Blakely* in 2004. Under *Blakely* and the Supreme Court's subsequent decision in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005) "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S. Ct. at 756; *see Blakely*, 542 U.S. at 296; *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). As set forth above, § 2244(d)(1)(C) provides that the statute of limitations may run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The Sixth Circuit explicitly has held that the new procedural rules set forth in *Blakely* and *Booker* do not apply retroactively to cases on collateral review. *See Humphress v. United States*, 398 F.3d 855, 860-63 (6th Cir.), *cert. denied*, 126 S. Ct. 199 (2005).

In *Humphress*, the district court had enhanced the petitioner's sentence by nine points based on factual findings, at least some of which had not been found by the jury. The Sixth Circuit concluded that, although *Booker* and *Blakely* were "new rules" of criminal procedure, they did not meet the criteria set forth by the Supreme Court in *Teague v. Lane*, 489 U.S. 288 (1989), for retroactive application to cases on collateral review. Specifically, the *Humphress* court found that the new rules do not forbid punishment of certain primary conduct or prohibit a certain category of punishment for a class of defendants because of their status or offense. *See Humphress*, 398 F.3d at 860-63. Furthermore, they are not "watershed rules" that implicate the fundamental fairness and accuracy of the criminal proceeding. *See id.* In light of the Sixth Circuit's decision in *Humphress*,

Petitioner cannot argue that under § 2244(d)(1)(C), the one-year limitations period began to run when *Blakely* was decided in 2004.

The one-year limitation period applicable to § 2254 is a statute of limitations subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir.), *cert. denied*, 125 S. Ct. 200 (2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly" by this Court. *See Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-09. In *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814-15 (2005), the Supreme Court held that a petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 1814 (applying standard set forth in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

With the exception of his *Blakely/Booker* claim, Petitioner's grounds for habeas relief were available to him upon entry of the judgment of sentence on June 29, 1998. More than two years passed before Petitioner filed his first motion for relief from judgment on November 22, 2000. Petitioner claims that he is entitled to equitable tolling because his appellate counsel advised him not to file a direct appeal of his conviction. A Petitioner's reliance on the unreasonable or incorrect advice of his attorney is not a ground for equitable tolling. *Allen,* 366 F.3d at 403; *Jurado*, 337 F.3d at 644-45. Even assuming Petitioner received bad advice from appellate counsel with regard to his direct appeal, Petitioner does not account for the more than two-year delay in filing a motion for

relief from judgment. The fact that Petitioner is untrained in the law or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403; *Brown v. United States*, No. 01-1481, 2001 WL 1136000, at *3 (6th Cir. Sept. 21, 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse [late] filing.").

Another three years and nine months passed from the time Petitioner's first motion for relief from judgment was denied on January 30, 2001, until he filed the second motion for relief from judgment on October 21, 2004. On March 3, 2001, Petitioner hired University Research Services, LLC to assist him in preparing his second motion for relief from judgment. Petitioner claims that the company did not provide him with useful legal research and did not return all of his documents until May 9, 2003. The fact that Petitioner was dissatisfied with the work performed by the legal research company he retained does not excuse the excessive delay in filing his second motion for post-conviction relief. Moreover, seventeen months passed from the time the company had returned all of his documents until Petitioner filed his second motion for relief from judgment. The Sixth Circuit has declined to apply equitable tolling where the delay at issue was far less than seventeen months. *See, e.g., Allen*, 366 F.3d 396 at 404 (equitable tolling was not given seven-month delay between the conclusion of state post-conviction proceedings and the petitioner's filing of his habeas petition); *Cook*, 295 F.3d at 518 (concluding that equitable tolling was not appropriate where the petitioner filed his habeas petition one month late); *Dunlap*, 250 F.3d at 1010 (holding that the petitioner was not entitled to equitable tolling where he filed his habeas petition more than two months late). Given Petitioner's excessive delays in raising his claims in the state

courts, I cannot find that Petitioner "diligently" pursued his claims.[3] He also fails to raise an "extraordinary circumstance" meriting equitable relief. Accordingly, I find that Petitioner is not entitled to equitable tolling of the statute of limitations.

The Court of Appeals has suggested that a habeas petitioner is entitled to notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Scott*, 286 F.3d at 930. This report and recommendation shall serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations.

Date: March 29, 2006                                  /s/ Ellen S. Carmody
                                                    ELLEN S. CARMODY
                                                    United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).

---

[3] The Supreme Court decided *Blakely* on June 24, 2004. Petitioner filed his second motion for relief from judgment on October 21, 2004, about five months after *Blakely* was decided. Even if the Court found that Petitioner was diligent in pursuing his first ground for habeas relief, Petitioner cannot succeed on the merits of his claim because the procedural rules set forth in *Blakely* and *Booker* do not apply retroactively to his case. *See Humphress*, 398 F.3d at 860-63.