UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERNARD JAMES STANLEY,

    Petitioner,

v.

KURT JONES,

    Respondent.

Case No. 1:06-CV-49

Hon. Richard Alan Enslen

**OPINION**

    This matter is before the Court on Petitioner Bernard James Stanley's Objections to United States Magistrate Judge Ellen S. Carmody's March 29, 2006 Report and Recommendation ("Report"), which recommended that Petitioner's Writ of *Habeas Corpus* brought under 28 U.S.C. § 2254 be denied as untimely. After reviewing the Report, Petitioner's Objections, and pertinent portions of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(C), the Court will deny Petitioner's Objections and his Writ of *Habeas Corpus*.

    On June 29, 1998, Petitioner was sentenced by the Van Buren County Circuit Court (as a second habitual offender) to a term of imprisonment of twelve to twenty-two-and-a-half years imprisonment for the offense of third-degree criminal sexual conduct. Petitioner did not appeal his sentence. Therefore, his sentence became final upon the expiration of time for seeking such review on June 29, 2000. *See* 28 U.S.C. § 2244(d)(1)(A); MCR 7.205(F)(3). Pursuant to 28 U.S.C. § 2244(d)(1)(A)'s one-year limitation period, Petitioner had until June 29, 2001, to file a writ of *habeas corpus*. The Report observed that the instant Writ was not filed until January 20, 2006, and accordingly, recommended that Petitioner's Writ of *Habeas Corpus* be denied as untimely under section 2244(d)(1)(A). Petitioner timely objected.

Petitioner principally concedes that his Writ is untimely under section 2244(d)(1)(A), but believes the limitation period governing his Petition should be equitably tolled. "The decision whether to equitably toll a period of limitations must be decided on a case-by-case basis," *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (citations omitted), and Petitioner bears the burden of showing that he is entitled to such equity. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). In order to equitably toll Petitioner's *habeas* limitation period, he must show that: (1) he had been pursuing his rights diligently; and (2) that some extraordinary circumstance impeded his efforts. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citations omitted).[1]

Petitioner maintains that the cumulative effect of poor appellate advice, transfers within the Michigan Department of Corrections, a lack of legal expertise, and limited access to a law library created an extraordinary impediment to timely filing his Petition. The Court disagrees. Petitioner has done nothing more than list the aforementioned hindrances in an exceedingly conclusory fashion. Because Petitioner bears the burden of demonstrating that equity favors tolling the limitations period, and because that decision requires a factually intensive review, Petitioner's conclusory depiction of his impediments to timely filing his Petition are insufficient to invoke this Court's sense of equity.

---

[1] The Sixth Circuit Court of Appeals has also set forth several factors trial courts should use when determining whether a petitioner seeking a writ of *habeas corpus* is entitled to equitably toll the limitations period, those being: (1) the petitioner's lack of notice of the filing requirement, (2) the petitioner's lack of constructive knowledge of the filing requirement, (3) the petitioner's diligence in pursuing his rights, (4) absence of prejudice to the respondent, and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001).

Furthermore, the Report also found that Petitioner did not diligently pursue his rights. Petitioner fails to rebut that finding.[2] Therefore, because Petitioner has not shown that he was diligently pursuing his rights and some extraordinary circumstance impeded his progress, the Court will not equitably toll his *habeas* limitation period. Petitioner's Objections on this ground will be denied.

Finally, Petitioner contends that the Report misinterpreted his Petition in that he contends "Blakely and Booker apply to Michigan's indeterminate sentencing scheme. This application will create a 'watershed' rule requiring retroactive application." (Pet.'s Ob. at 2). Petitioner's contention is erroneous because Michigan courts have found that *Blakely*[3] and *Booker*[4] have no effect on Michigan's indeterminate sentencing guidelines. *People v. Collins*, No. 249568, 2005 WL 1683545, at *7 (Mich. App. July 19, 2005) (citing *People v. Claypool*, 684 N.W.2d 278, 286 n.14 (Mich. 2004)); *People v. Curtis*, No. 254617, 2005 WL 1459498, at *4 (Mich. App. June 21, 2005); *People v. Hudson*, No.252851, 2005 WL 659211, at *6 (Mich. App. Mar. 22, 2005). Petitioner's Objections on this ground will be denied.

Pursuant to 28 U.S.C. § 2253, the Court must also assess whether Petitioner is entitled to a certificate of appealability. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (section 2253 analysis may be done when substantive claim for relief is determined). Under the statute and the United States Supreme Court's determinations in *Slack v. McDaniel,* 529 U.S. 473, 483-84

---

[2] For the same reason that Petitioner's claim to have been extraordinarily impeded fails, Petitioner's unsupported contention that he diligently pursued his rights also fails. Petitioner has only claimed diligence, and without more, the Court cannot find the same.

[3] *Blakely v. Wash.*, 542 U.S. 296 (2004).

[4] *United States v. Booker*, 543 U.S. 220 (2005).

(2000) and *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983), a certificate shall issue if the resolution of the petition is debatable among reasonable jurists or deserves encouragement for some other reason. This Court has reviewed the grounds asserted individually as required by the decisions in *Slack* and *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001), and determined that Petitioner's Writ has not met this standard. Therefore, a certificate will be denied.

Therefore, the Court will deny Petitioner Bernard James Stanley's Objections, adopt the Report and Recommendation, deny Petitioner's Writ of *Habeas Corpus* with prejudice, and deny Petitioner a certificate of appealability. A Final Order consistent with Opinion shall enter.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>     May 23, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |